**SICKLER, Plaintiff-Appellant, v. NEIL HOUSE HOTEL COMPANY, Defendant-Appellee.**

Ohio Appeals, Tenth District, Franklin County.

No. 5725.   Decided February 4, 1958.

Buchanan, Peltier & Fuller, Otis C. Buchanan, Roland A. Fuller, Jr., of Counsel, Columbus, for plaintiff-appellant.

Wright, Harlor, Purpus, Morris & Arnold, Rudolph Janata, Jr., Harry Wright III, of Counsel, Columbus, for defendant-appellee.

## OPINION

By MILLER, J.

This is a law appeal from a judgment of the Common Pleas Court rendered in favor of the defendant upon the verdict of the jury. The bill of exceptions contains only the instructions of the court to the jury; hence, our attention may be directed only to any alleged errors contained therein.

The pleadings disclose that the action was one for damages for an alleged assault upon the plaintiff by an employee of the Neil House Hotel Company who was acting within the scope of his employment.

The petition alleges further that the plaintiff was a guest of the hotel, which was being operated by the defendant; that by reason of

the conduct of said employee he received certain personal injuries to his damage.

The answer admits the striking of the plaintiff by the said employee but avers that at the time of the injury the plaintiff was a trespasser upon the defendant's premises. The answer denies generally all other allegations contained in the petition.

The plaintiff replied to the answer, and denied generally all new matters set forth therein.

The first assignment of error requires a full and complete bill of exceptions in order for us to determine whether or not the court properly withdrew from the jury the plaintiff's claim for special damages.

Counsel for the appellant next urge that the court erred in charging the jury on the law applicable to invited guests and to trespassers. The status of the plaintiff on the defendant's premises was definitely an issue and the court properly charged the jury as to the degree of care the defendant owed to the plaintiff in each instance.

The charge to the jury on self defense, it is urged, should not have been given, as the same was not affirmatively pleaded. The answer alleges that the blow was struck because of "great provocation on the part of the plaintiff including the use of a vile name." We are not informed, because of the incompleteness of the record, as to what the alleged provocation consisted of, and therefore are not able to determine the correctness of this charge. If the evidence disclosed that it consisted of any degree of force, the employee was permitted to use such force as was necessary for his own protection. We do not think that the charge was erroneous, but even if it were it related to only one of the issues in the case and if the court properly charged on any one of the other issues it would not have been prejudicial under the "two-issue" rule, as the verdict was only general. The "two-issue" rule has been defined in 4 O. Jur. 2d, 26 Sec. 831 as follows:

"It is well settled that where the jury returns a general verdict in a case involving two or more issues, a finding upon any one of which in favor of the successful party would entitle him to judgment, if the record does not disclose affirmatively by answers to interrogatories or otherwise upon which issue such verdict was based, the judgment will not be reversed if no error appears as to any one or more of them although there may be error as to other issues. This is known in jurisprudence as the 'two-issue' rule and is a rule of policy designed to simplify the work of trial courts and to limit the range of proceedings on review."

The fourth error assigned relates to the court's charge on punitive damages, the jury being instructed that it may take into consideration the profane language used by the plaintiff in mitigation of exemplary damages. Counsel for appellant concedes that the charge as given was correct but urges that the court failed to state that the same could not be considered in awarding compensatory damages. Failure to so charge could only be an error of omission and not commission, as the charge was correct to the extent given, not misleading, and no request was made by counsel for appellant that such further instruction be given. See 4 O. Jur. 2d, 240, Sec. 983, and cases cited.

We find no prejudicial error in the record and the judgment will be affirmed.

PETREE, PJ, BRYANT, J, concur.